UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TROY JAYNES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:15-cv-01420 (VAB) |
| | : | |
| ATTORNEY JOHN WALKLEY, ET AL., | : | |
| | : | |
| Defendants. | : | |

## INITIAL REVIEW ORDER

Plaintiff, Troy Jaynes, incarcerated and *pro se*, filed a complaint under 42 U.S.C. § 1983 against Attorneys John Walkley and Vicky Hutchinson, and Detectives Joe Greene and Anthony Dilulo. He also seeks appointment of *pro bono* counsel. For the reasons set forth below, the complaint is dismissed and the motion for appointment of counsel is denied.

**I.      STANDARD OF REVIEW**

The Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint . . . [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted[,]" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "labels and

1

conclusions," "a formulaic recitation of the elements of a cause of action[,]" or "naked assertion[s] devoid of further factual enhancement," does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)) (internal quotation marks omitted). Although courts have an obligation to interpret a *pro se* complaint liberally, the complaint nonetheless must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

## II.   FACTUAL ALLEGATIONS

Mr. Jaynes claims that, in 1990, a witness named Shirley Kelley gave a statement to Detectives Greene and Dilulo concerning a shooting that Mr. Jaynes had been accused of perpetrating. Ms. Kelley allegedly told Detectives Greene and Dilulo that a man in a brown Mercedes automobile was the shooter, and that no one was going to convince her otherwise. During her testimony at Mr. Jaynes's probable cause hearing in October 1990, Ms. Kelley allegedly did not mention the man in the brown Mercedes. Detective Greene testified at Mr. Jaynes's criminal trial in December 1991, but allegedly did not testify about Ms. Kelley's statement about the man in the brown Mercedes.

Attorney Walkley represented Mr. Jaynes at his criminal trial, but allegedly was ineffective in multiple ways. Mr. Jaynes claims that Attorney Walkley neglected to subpoena Ms. Kelly to testify, failed to cross-examine a witness named Taft, who had identified Mr. Jaynes as the shooter, and failed to cross-examine Detective Greene regarding his knowledge of Ms. Kelley's statement about the man in the brown Mercedes.

At the conclusion of the trial, the jury found Mr. Jaynes guilty of murder and possession of a firearm without a permit. *See State v. Jaynes*, 35 Conn. App. 541, 541 (1994). Mr. Jaynes believes that Ms. Kelley's testimony, and the testimony of Greene and Taft on cross-examination, would

have resulted in his acquittal.  In June 1992, Mr. Jaynes was sentenced to fifty years' imprisonment. On August 23, 1994, the Connecticut Appellate Court affirmed the judgment of conviction.  *See id.* at 544.  On October 4, 1994, the Connecticut Supreme Court declined to grant a petition for certification to review the decision of the Connecticut Appellate Court.  *See State v. Jaynes*, 231 Conn. 928, 928 (1994).

Mr. Jaynes filed a habeas petition in state court challenging his conviction.  *See Jaynes v. Warden*, No. CV970002580, 2003 WL 356707, at *1 (Conn. Super. Ct. Jan. 21, 2003).  Attorney Hutchinson represented him in that action.  Mr. Jaynes claims that Attorney Hutchinson was ineffective in the habeas matter in the same ways that Attorney Walkley had allegedly been ineffective during the criminal trial.  Attorney Hutchinson allegedly failed to subpoena Ms. Kelley to testify, and to cross-examine Detective Greene and the witness named Taft.  Mr. Jaynes also alleges that Detective Greene testified at a hearing in the habeas matter, but did not offer any testimony about Ms. Kelley's statement about the about the man in the brown Mercedes.

Mr. Jaynes alleges that he has suffered emotional and mental injuries and is currently receiving treatment for mental illness at Garner Correctional Institution.  He seeks money damages.

## III. DISCUSSION

### A. Detectives Greene and Dilulo

Mr. Jaynes appears to assert a number of claims against Detectives Greene and Dilulo.   For the reasons set forth below, the claims are dismissed.

#### 1. Presence During Ms. Kelley's Statement

Mr. Jaynes alleges that Detectives Dilulo and Greene were present when Ms. Kelley made a statement in 1990 about an individual who allegedly shot the victim that he was subsequently convicted of murdering.  That allegation alone does not give rise to a plausible inference that either

detective violated the plaintiff's constitutionally or federally protected rights. The complaint contains no other allegations against Detective DiIulo. The Court dismisses all claims against defendant DiIulo under 28 U.S.C. § 1915A(b).

### 2. Testimony at Criminal and Habeas Trials

Mr. Jaynes alleges that Detective Greene testified at his criminal and habeas trials. Mr. Jaynes does not contend that Detective Greene offered false testimony, but rather that he did not offer testimony about Ms. Kelley's statement regarding the man in the brown Mercedes.

Detective Greene has absolute immunity from liability for damages under section 1983 for his testimony at the criminal trial and habeas proceeding. *See Briscoe v. LaHue*, 460 U.S. 325, 341-42 (police officer entitled to absolute immunity for testimony at criminal trial); *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (parole officer entitled to absolute immunity for testimony, in the form of an affidavit, offered during habeas proceeding), *cert. denied*, 512 U.S. 1240 (1994). Accordingly, any claims against defendant Greene relating to his testimony at the criminal and habeas trials are dismissed under 28 U.S.C. § 1915A(b).

### 3. False Arrest and Malicious Prosecution

Mr. Jaynes's allegations may be construed liberally to assert claims of false arrest and malicious prosecution against Detectives Greene and DiIulo. The Fourth Amendment's protections include the right to be free from arrests without probable cause. *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).

First, any false arrest claims are time-barred. The limitations period for filing a section 1983 claim is three years. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (holding that, in Connecticut, the three-year personal injury statute of limitations period set forth in Conn. Gen. Stat. § 52-577 is the limitations period for civil rights actions under section 1983). Any claim for false

arrest accrued on the date of Mr. Jaynes's arraignment on criminal charges. *See Wallace v. Kato*, 549 U.S. 384, 388–89 (2007) (statute of limitations for a claim of false arrest, which is a "species" of false imprisonment, begins to run "when the alleged false imprisonment ends" and "a false imprisonment ends once the victim becomes held pursuant to [legal] process—when, for example, he is . . . arraigned on charges") (emphasis omitted). Mr. Jaynes's arraignment must have occurred at some point prior to his conviction in 1992. This action was filed in 2015. Thus, it is apparent that any false arrest claims against defendants Greene and DiIulo are barred by the three-year statute of limitations.

Second, Mr. Jaynes has failed to state claims for false arrest and malicious prosecution. "Claims for false arrest or malicious prosecution, brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are 'substantially the same' as claims for false arrest or malicious prosecution under state law." *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) (quoting *Weyant*, 101 F.3d at 852). Accordingly, in a section 1983 action, the elements of false arrest and malicious prosecution are controlled by state law. *See Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004) (applying Connecticut law to section 1983 claim for false arrest); *Cook v. Sheldon*, 41 F.3d 73, 79 (2d Cir. 1994) (applying New York law to section 1983 claim for malicious prosecution).

Under Connecticut law and section 1983, a plaintiff must show that the prosecution terminated in his or her favor in order to state a claim of malicious prosecution or false arrest. *See Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009) (to prevail on malicious prosecution claim under Connecticut law, plaintiff must prove, *inter alia*, that the criminal proceeding terminated in plaintiff's favor) (citing *McHale v. W.B.S. Corp.*, 187 Conn. 444, 447 (1982)); *Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011) (the Second Circuit has "expressly held, invoking

Connecticut law, that favorable termination is an element of 'a section 1983 sounding in false imprisonment or false arrest.'") (quoting *Roesch v. Otarola*, 980 F.2d 850, 853-54 (2d Cir. 1992)). Mr. Jaynes was convicted of the murder charge stemming from his arrest in 1990. He does not allege that his conviction has been overturned or vacated. Because his criminal matter did not terminate in his favor, he cannot prevail on false arrest or malicious prosecution claims against defendants Greene and Dilulo. Accordingly, those claims are dismissed under 28 U.S.C. § 1915A(b).

The malicious prosecution claims are also subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. As indicated above, Mr. Jaynes has not alleged that his conviction has been overturned, expunged, invalidated, or called into question by any tribunal. Therefore, his malicious prosecution claims against defendants Greene and Dilulo are subject to dismissal under *Heck*. *See, e.g.*, *Poventud v. City of N.Y.*, 750 F.3d 121, 131-32 (2d Cir. 2014) (recognizing *Heck*'s bar to malicious prosecution claims).

### B. Attorneys Walkley and Hutchinson

To state a claim under section 1983, a plaintiff must allege facts showing that the defendant acted under color of state and deprived the plaintiff of a federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982).

Neither a public defender appointed by the court, nor a private attorney retained to represent

a client in a criminal or habeas matter, is considered a state actor for purposes of section 1983.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defenders do not act under color of state law when they perform traditional lawyer functions as counsel to defendants in criminal proceedings); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) (private attorney appointed by court to represent defendant in state criminal proceeding does not act under color of state law); *Spillman v. Cully*, No. 08-CV-0008M, 2008 WL 4960456, at *1 (W.D.N.Y. Nov. 19, 2008) (inmate failed to state cause of action against two attorneys who represented him in state habeas proceeding because "[i]t is well established . . . that an attorney representing a client in a criminal trial, whether that attorney is a public defender, legal aid attorney or court-appointed counsel, is not acting under the color of state law."); *Cruz v. Superior Court Judges*, No. 3:04-cv-01103 (CFD), 2005 WL 677282, at *4 (D. Conn. March 21, 2005) (dismissing section 1983 claims against attorney appointed to represent plaintiff in state habeas proceeding because attorney did not act under color of state law in performing duties as court-appointed counsel).

It is unclear whether Attorney Walkley was appointed to represent Mr. Jaynes in his criminal case, or whether Mr. Jaynes retained him.  Attorney Hutchinson was appointed to represent Mr. Jaynes in his state habeas matter.  *See Jaynes v. Warden*, No. CV970002580, 2003 WL 356707, at *1 (Conn. Super. Ct. Jan. 21, 2003).  Mr. Jaynes alleges that Attorney Walkley was ineffective in several ways during his criminal trial, and that Attorney Hutchinson failed to represent him effectively in his state habeas matter.  Because neither a privately retained attorney, nor a court-appointed attorney, is considered to act under color of state law in performing traditional lawyer functions, all claims against defendants Hutchinson and Walkley are dismissed under 28 U.S.C. § 1915A(b).

**ORDERS**

In accordance with the foregoing analysis, the Court enters the following orders:

(1)  All federal claims in the Complaint [**Doc. No. 1**] are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The court declines to exercise supplemental jurisdiction over any state law claims.  *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 715-26 (1966) (holding that, where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by state courts).  Because (1) defendants Dilulo and Greene are absolutely immune from section 1983 liability for their testimony, (2) Mr. Jaynes's purported false arrest and malicious prosecution claims fail as a matter of law because his criminal trial did not terminate in his favor, and (3) defendants Hutchinson and Walkley did not act under color of state law in representing Mr. Jaynes, the Court concludes that providing leave to amend in this case would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may be denied where amendment is futile); *Kevilly v. New York*, 410 F. App'x 371, 375 (2d Cir. 2010) (amendment was futile where state prisoner claimed that prosecutorial misconduct, conspiracy between court-appointed counsel and prosecutor, false arrest, and unlawful imprisonment impliedly invalidated his conviction or sentence, but did not allege that his conviction or sentence had been reversed, expunged, or invalidated, and claims were barred by three-year statute of limitations); *Karris v. Varulo*, No. 14-CV-1077 (SJF) (GRB), 2014 WL 1414483, at *4 (E.D.N.Y. Apr. 10, 2014) (concluding that granting pro se prisoner leave to amend would be futile because defendants were entitled to absolute immunity, and collecting cases).  The Motion for Appointment of Counsel [**Doc. No. 3**] is **FOUND AS MOOT**.  If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

  (2)  The Clerk is directed to enter judgment for the defendants and close this case.

SO ORDERED at Bridgeport, Connecticut, this nineteenth day of April, 2016.

                /s/ Victor A. Bolden_____
                VICTOR A. BOLDEN
                UNITED STATES DISTRICT JUDGE